United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31023
Summary Calendar

JEROME BERGERON,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(2-CV-729-H)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Jerome Bergeron, Louisiana prisoner #170254, was convicted by a jury of three counts of aggravated rape and sentenced to three concurrent terms of life in prison without the benefit of parole, probation, or suspension of sentence. After denying Bergeron's 28 U.S.C. § 2254 petition for habeas relief, the district court granted a certificate of appealability (COA) as to whether the State violated Bergeron's constitutional rights by failing to disclose tape recordings of interviews with the victims and by failing to disclose that one of the victims had mistakenly

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

identified another individual, Royal Francis, Jr., as having also sexually assaulted her.  Bergeron filed a motion to file a reply brief out-of-time, which we now grant.

A defendant's right to due process is violated when, on a request for exculpatory evidence, the prosecution conceals evidence that is both favorable to the defendant and material to the defendant's guilt or punishment.  Brady v. Maryland, 373 U.S. 83, 87 (1963).  Bergeron's particular Brady claim implicates destruction (failure to preserve) material exculpatory evidence. To meet the standard of constitutional materiality when the State has failed to preserve evidence, the "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  California v. Trombetta, 467 U.S. 479, 490 (1984). Furthermore, the defendant must show that State officials acted in bad faith.  Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).

Although Bergeron shows that there was some testimony at the hearing tending to support his claim regarding the tape recordings, he fails to demonstrate that the state court's rejection of his claim involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d); see Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)(en banc), cert. denied sub nom. Neal v.

Epps, 123 S. Ct. 963 (2003). Furthermore, the state court's factual findings that the tapes would not have been favorable to Bergeron and that the State did not act in bad faith must be accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1). In light of all the testimony before the state court, Bergeron fails to rebut that court's findings by proffering evidence that meets the required heightened level of clear and convincing. See Hill v. Johnson, 210 F.3d 481, 487 (5th Cir. 2000).

Bergeron also fails to demonstrate that the state court's rejection of his second claim —— that the State violated his rights under Brady by failing to disclose information that one of the victims had misidentified Francis as another perpetrator —— involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). As the district court noted, the fact that one of the victims might have mistakenly identified Francis in a photo lineup did not reflect on the credibility of that victim's allegations that she was sexually assaulted by Bergeron. He fails to show that there is a reasonable probability that the result of the proceeding would have been different had the information been disclosed. Bagley, 473 U.S. at 682.

As Bergeron has failed to demonstrate that he is entitled to 28 U.S.C. § 2254 relief, we affirm the judgment of the district court.

3

MOTION GRANTED; JUDGMENT AFFIRMED.